```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| TONY WHISMAN and CORINNA WHISMAN, | ) ) ) |
|    Plaintiffs, | ) Civil Action No. 5:07-55-JMH ) |
| v. | ) ) |
| PERDUE FARMS, INC., | ) **MEMORANDUM OPINION AND ORDER** ) |
|    Defendant. | ) ) |

             **       **       **       **       **

This matter is before the Court on Plaintiffs' motion to remand [Record No. 5]. Defendant filed its response on March 29, 2007 [Record No. 9]. The time to file a reply pursuant to Local Rule 7.1(c) has passed, and this matter is ripe for review.

**I.   Background**

Plaintiffs filed a complaint in Wolfe County Circuit Court on January 29, 2007, alleging that defendants were strictly liable for the death of three horses and that defendants had breached a warranty of fitness for a particular purpose by selling defective and toxic feed corn. As part of their complaint, Plaintiffs demand compensatory damages for the value of the deceased horse and for the cost of veterinarian treatment, damages for loss of future income, and punitive damages.

Defendant filed a notice of removal on February 20, 2007. Removal was premised on diversity jurisdiction. Defendant alleged

that complete diversity existed, as Plaintiffs are residents of Kentucky and Defendant is a resident of Maryland, and that the amount in controversy exceeds $75,000.

In their motion to remand, Plaintiffs apparently concede the question of diversity and argue only that the amount in controversy exceeds $75,000. Attached to the motion is an affidavit conceding that plaintiffs accept $75,000 as a limit on damages in this case.

**II.  Standard of Review**

Removal to a federal court is proper for "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  The defendant removed this case pursuant to 28 U.S.C. § 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

The defendant bears the burden of proving that removal is proper. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Where a plaintiff's claim is for unspecified damages, a defendant can prove that removal is proper by showing that it is "more likely than not" that the claims meet the amount-in-controversy requirement. *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993).

**III. Analysis**

On October 31, 2006, counsel for plaintiffs sent a letter to the defendant's third party administrator that stated, "[W]e believe your client is responsible for the loss of his horses in March 2006 causing Mr. and Mrs. Whisman to incur veterinary bills and a loss of income from the horses in the amount of $195,967.55." The letter also included a settlement demand of $100,000.00.

The Court "review[s] the damages sought by Plaintiffs at the time of removal." *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 573 (6th Cir. 2001). Events occurring after removal, including post-removal stipulations, "which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938); *see also Rogers*, 230 F.3d at 872. The October 31, 2006 letter is clear evidence that the plaintiffs sought more than $75,000 before removal. Plaintiffs swore that the amount in controversy would not exceed $75,000 only after this case had already been removed.

Accordingly, **IT IS ORDERED** that Plaintiffs' motion to remand [Record No. 5] be, and the same hereby is, **DENIED**.

This the 18th day of April, 2007.



**Signed By:**

*Joseph M. Hood*

**United States District Judge**